Davis v Blake GFG, LLC (2024 NY Slip Op 03469)

Davis v Blake GFG, LLC

2024 NY Slip Op 03469

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2023-00726
 (Index No. 524376/17)

[*1]Brenda Davis, respondent, 
v
Blake GFG, LLC, appellant.

Jody Leight, New York, NY, for appellant.
Wingate, Russotti, Shapiro, Moses & Halperin, LLP, New York, NY (Andrea V. Borden and Narciso Garcia of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated March 15, 2024. The judgment, upon an order of the same court (Lawrence Knipel, J.) dated January 15, 2019, granting the plaintiff's motion for leave to enter a default judgment, and upon a decision of the same court (Joy F. Campanelli, J.) dated December 1, 2022, made after an inquest on the issue of damages, is in favor of the plaintiff and against the defendant in the principal sum of $250,000.
ORDERED that on the Court's own motion, the notice of appeal from the decision is deemed to be a premature notice of appeal from the judgment (see CPLR 5520[c]); and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff allegedly was injured when she tripped and fell on a sidewalk abutting certain property in Brooklyn owned by the defendant. Thereafter, the plaintiff commenced this action against the defendant to recover damages for personal injuries. After the plaintiff was granted leave to enter a default judgment in an order dated January 15, 2019, she proceeded to an inquest on the issue of damages. Upon the testimony of the plaintiff, upon the plaintiff's medical records admitted into evidence, which documented the plaintiff's injuries to her left knee and shoulder, and upon the testimony of the defendant's medical expert analyzing certain medical records of the plaintiff, the Supreme Court awarded the plaintiff damages in the principal sum of $250,000. The defendant appeals.
In making its determination, the Supreme Court credited the testimony of the plaintiff that she did not suffer from preexisting injuries to her left knee and shoulder. The defendant's expert, who concluded that the plaintiff's condition was degenerative in nature, did not examine the plaintiff and did not examine all of her medical records, including the plaintiff's physical therapy records. The court's determination that the plaintiff sustained damages in the principal sum of $250,000, which is based upon its credibility determinations, is supported by the record and [*2]warranted by the facts, and should not be disturbed (see Iordanou v AJK Indus., Inc., 129 AD3d 1028, 1028).
BARROS, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court